UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Ismelda Hahn,**

**Plaintiff,**

**v.**

**Minnesota Beef Industries, Inc.,**

**Defendant.**

**Civil No. 00-2282 (RHK/SRN)**

**ORDER**

---

Celeste E. Culberth, Esq. and Leslie L. Lienemann, Esq., on behalf of Plaintiff.

William J. Egan, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on December 11, 2001, on Plaintiff's Motion to Compel (Doc. No. 11).

This written Order memorializes the oral Order given from the bench on December 11, 2001, at the completion of the hearing.

## I PLAINTIFF'S MOTION TO COMPEL.

### A. Factual Background.

The present case involves claims brought by Plaintiff Ismelda Hahn against her former employer, Minnesota Beef Industries for: (1) race and national origin discrimination, in violation of Minn. Stat. § 363.01 and 42 U.S.C. § 2000(e); (2) pregnancy discrimination, in violation of Minn. Stat. § 363.01 and 42 U.S.C. § 2000(e); and (3) battery.

### B. Discussion.

FILED JAN 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(1) **Interrogatory No. 2:** Identify each and every individual who may have knowledge concerning the allegations contained in Plaintiff's Complaint or the defenses or allegations contained in any Answer of Any Defendant.

**Interrogatory No. 8:** Identify each and every employee of Defendant whom Defendant knew to be pregnant during the time frame 1996 to the present.

**Defendant's Failure to Serve Signed Interrogatories.**

Plaintiff has withdrawn her motion with respect to these two interrogatories, and Defendant's failure to serve signed interrogatories. Consequently, the Court denies, as moot, Plaintiff's motion with respect to these three issues.

(2) **Interrogatory No. 3:** Identify each and every individual who has been employed by Defendant from 1996 to the present, and for each state the name, address, national origin or race, dates of employment, rate of pay and state whether the individual is still employed.

**Document Request No. 12:** Any and all documents relating to the rate of pay of all employees from 1996 to the present, including copies of actual pay checks given to each employee and including any other document recording changes in the rate of pay for any individual employee, including wages paid to hourly, salaried and/or piece work employees.

Plaintiff explains that the information targeted by this discovery is relevant for two reasons. First, Defendant has claimed that Plaintiff was not given a raise, because no employee in her area received a raise at that time. Therefore, other employees' rates of pay will demonstrate whether that claim is true. Second, the time period after the end of Plaintiff's employment is relevant for determining potential damages.

Defendant responds that this discovery is overly broad, and places upon it an undue burden. Defendant explains that it employs between 200 and 300 employees per year. Consequently, the interrogatory and document request require a large volume of information, and also seek information well beyond what is relevant to Plaintiff's claims.

The Court grants Plaintiff's motion with respect to Interrogatory No. 3 and Document Request No. 12, but limits their scope to employees who worked in the boning room and quality assurance department. Subsequent years are clearly relevant to the issue of lost pay and damages. By confining the scope of this inquiry to employees who worked in the boning room and quality assurance department, discovery will be focused only on those employees who worked in the same areas as Plaintiff, and thus were similarly situated. As a result, it will be limited to relevant information. In addition, Defendant has two options for complying with document request number 12. It may: (1) review the relevant records completely, in order to respond sufficiently; or (2) the parties may cooperate in producing a protective order that will permit Plaintiff's attorneys to examine these records themselves. Defendant must comply with this Order by December 18, 2001.

(3) **Interrogatory No. 6:** Identify each and every individual who has complained to Defendant, informally or formally, of sexual harassment or inappropriate touching, and for each individual identify the person to whom the complaint was made, the response of Defendant to the complaint and whether the complaining individual remains employed by Defendant.

Defendant identified a particular individual in its response to a corresponding document request, but concedes that it failed to name the individual in its answer to this interrogatory. The Court grants Plaintiff's motion with respect to Interrogatory No. 6. Defendant must again review its records and supplement its response with this individual's name, and the names of any other relevant individuals it may have omitted. Defendant must comply with this Order by December 18, 2001.

(4) **Interrogatory No. 7:** Identify each and every individual employed by Defendant from 1996 to the present who requested work restrictions due to an injury or physical limitation and for each state the following: name, nature of injury or

limitation, restriction requested and whether the restriction was honored by Defendant.

**Document Request No. 8:** Any and all documents relating to complaints of discrimination based upon race, national origin, pregnancy, gender or complaints of sexual harassment or failure to accommodate work restrictions.

The Court grants Plaintiff's motion with respect to this interrogatory and document request. Defendant must completely respond to both the interrogatory and document request. Defendant has two options for complying with this Order. It may: (1) review the relevant records completely, which would include both personnel files and medical records, in order to respond sufficiently; or (2) the parties may cooperate in producing a protective order that will permit Plaintiff's attorneys to examine these records themselves. The second option would allow Plaintiff access to the relevant information she seeks, without burdening Defendant with the task of reviewing all of the records which might contain this information. Defendant must comply with this Order by December 18, 2001.

**(5)** **Document Request No. 10:** Any and all documents relating to the recruitment of employees.

The Court grants Plaintiff's motion with respect to this document request. Defendant's counsel is instructed to confer with his client once more to ensure that it has produced all documents relating to its headhunter in Texas, and to the "Foxxy Shopper" advertisements it uses to recruit employees. In addition, Defendant is to supply a complete copy of a document that it previously produced only in redacted form. Defendant must comply with this Order by December 18, 2001.

**(6)** **Answering Questions Regarding the Financial Condition of the Company.**

Plaintiff has claimed punitive damages in her Complaint. Defendant intends to contest its

financial ability to pay punitive damages, and refused to stipulate to its financial ability to pay punitive damages.

The Court grants Plaintiff's motion with respect to answering these questions. Defendant is to provide the information sought, within two weeks of the summary judgment Order in this matter.

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiff's Motion to Compel (Doc. No. 11) is

(1) **WITHDRAWN** with respect to interrogatories numbered two and eight, and Defendant's failure to serve signed interrogatories;

(2) **GRANTED** with respect to interrogatory number three and document request number twelve, but limited to employees who worked in the boning room and quality assurance department;

(3) **GRANTED** with respect to interrogatories numbered six and seven, and document requests numbered 8 and 10, and with respect to answering questions regarding Defendant's financial condition.

Dated: January 15, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge