UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Ismelda Hahn,**

**Plaintiff,**

**v.**

**Minnesota Beef Industries, Inc.,**

**Defendant.**

**Civil No. 00-2282 (RHK/SRN)**

**ORDER**

---

Celeste E. Culberth, Esq. and Leslie L. Lienemann, Esq., on behalf of Plaintiff.

William J. Egan, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on January 14, 2002, on Plaintiff's Motion for Enforcement of Order and Sanctions (Doc. No. 25). This Order addresses that Motion.

## I PLAINTIFF'S MOTION FOR ENFORCEMENT OF ORDER AND SANCTIONS.

### A. Factual Background.

The present case involves claims brought by Plaintiff Ismelda Hahn against her former employer, Minnesota Beef Industries for: (1) race and national origin discrimination, in violation of Minn. Stat. § 363.01 and 42 U.S.C. § 2000(e); (2) pregnancy discrimination, in violation of Minn. Stat. § 363.01 and 42 U.S.C. § 2000(e); and (3) battery. The instant motion concerns the Court's previous Order, which granted Plaintiff's Motion to Compel.

On September 18, 2001, Plaintiff served discovery requests. Despite counsel for

JAN 16 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff's repeated efforts to resolve discovery issues without the Court's intervention, Defendant failed to adequately respond to many of these discovery requests. Consequently, Plaintiff brought her Motion to Compel. On December 11, 2001, after hearing oral argument, the Court granted Plaintiff's motion. The Court ordered Defendant to comply with Plaintiff's motion, and supplement its previously incomplete responses by December 18, 2001.

On December 17, 2001, Plaintiff sought the Court's assistance in scheduling the hearing date for Defendant's upcoming Motion for Summary Judgment. Plaintiff sought a date that would take into account Defendant's previous delays in responding to discovery requests, and would allow Plaintiff sufficient time after receiving that discovery to prepare for the hearing. On December 19, 2001, the parties participated in a conference call regarding this issue. During this conference, Defendant informed the Court that it had not yet complied with the Order, but intended to do so by December 20. As a result of the conference, the Court rescheduled the summary judgment hearing date and briefing schedule.

Under the new schedule, Plaintiff's memorandum in opposition to Defendant's motion for summary judgment was to be served and filed by January 17, 2002. Defendant's reply memorandum was to be served and filed by January 24, 2002, and oral argument on Defendant's summary judgment motion was to be heard by the Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, on January 29, 2002.

On December 20, 2001, Defendant produced 187 pages of documents. While these documents were responsive to the Court's Order, they did not satisfy all of the Order. Instead, as of this date, large amounts of information that Defendant was ordered to produce has still not been produced. The following discovery remains incomplete:

(1) **Interrogatory No. 3:** Identify each and every individual who has been employed by Defendant from 1996 to the present, and for each state the name, address, national origin or race, dates of employment, rate of pay and state whether the individual is still employed.

**Document Request No. 12:** Any and all documents relating to the rate of pay of all employees from 1996 to the present, including copies of actual pay checks given to each employee and including any other document recording changes in the rate of pay for any individual employee, including wages paid to hourly, salaried and/or piece work employees.

Defendant has failed to supplement its response to this interrogatory and document request, as ordered by the Court. The Court's Order limited the scope of this discovery to employees working in the boning room and quality assurance department. But the Order did not limit the types of documents called for. The computer print-out Defendant supplied, does not allow Plaintiff to determine when employee raises occurred, except for the year 1999. The print-out also entirely omits pay information for employees who were paid on a piecework rate.

Further, Defendant's mere production of print-outs can not adequately respond to this document request. The request calls for copies of actual pay checks given to each employee, and other documents recording changes in their rates of pay. In order to properly respond, Defendant will need to review personnel records and any other relevant sources for this information. Moreover, Defendant was instructed to supply the payroll documents in electronic form, in addition to print-outs.

Plaintiff also states that "Defendant left out pertinent data fields, as can be seen by comparing the EEOC information and the year 1999 information generated by the Defendant, with the limited pay data provided by the Defendant for years 1996-2001."

Defendant states that it was not aware that information, such as dates of raises, was sought by these discovery requests. Defendant's counsel also states "I still believe the Requests

are burdensome, but after discussing the matter with my client, if it will end the discovery dispute in this issue, he will produce whatever volume of information from his computer records that they need."

> (2) **Interrogatory No. 6:** Identify each and every individual who has complained to Defendant, informally or formally, of sexual harassment or inappropriate touching, and for each individual identify the person to whom the complaint was made, the response of Defendant to the complaint and whether the complaining individual remains employed by Defendant.

Defendant has not supplemented its response to this interrogatory. In a recent letter to the Court, Defendant's counsel stated he realized that through an oversight, he had neglected to supplement Defendant's response to this interrogatory. He further stated that he intended to take immediate measures to correct his oversight.

> (3) **Document Request No. 8:** Any and all documents relating to complaints of discrimination based upon race, national origin, pregnancy, gender or complaints of sexual harassment or failure to accommodate work restrictions.

Plaintiff states that before the Court's December 18, 2001 deadline, Defendant's counsel had responsive documents that Defendant provided to the Minnesota Department of Human Rights. Defendant's counsel, however, supplied none of these documents until December 20. In a recent letter to the Court, Defendant's counsel also stated that he realized that through an oversight, he had neglected to supplement Defendant's response to this document response. He further stated that he intended to take immediate measures to correct his oversight.

> (4) **Document Request No. 10:** Any and all documents relating to the recruitment of employees.

Defendant has only produced one signed recruitment document for a single worker, and two advertisements in unidentified newspapers. Plaintiff states that evidence in the record and

deposition testimony indicate that there should be further documents. In addition, Defendant agreed to disclose more information regarding the two newspaper advertisements. Defendant, however, has since failed to do so.

In a recent letter to the Court, Defendant stated that no additional documents exist regarding recruitment.

**(2) <u>Discussion.</u>**

Federal Rule of Civil Procedure 37 provides that:

> "[I]f a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> > (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party

Plaintiff states that she has "repeatedly attempted to work with Defendant in accommodating Defendant's schedule and ability produce documents." Nevertheless, she states that Defendant has refused to comply with the Court's Order. Because so little time remains before trial, Plaintiff states that sanctions should now be imposed.

The Court grants Plaintiff's motion, and strikes Defendant's summary judgment motion. In the present case, the Court has already rescheduled filing deadlines and a summary judgment hearing as a result of Defendant's failure to comply with legitimate discovery requests. Further, the Court and Plaintiff both have provided Defendant with opportunities to lessen its own burden by crafting a protective order and permitting Plaintiff's attorneys to examine the voluminous

documents involved in this case.

While letters from counsel for both parties indicate that Defendant may be complying with some discovery, it is still clear that Plaintiffs have not been provided with complete responses to multiple requests. Moreover, large amounts of material which the Court instructed it to provide in electronic form, have only been supplied in print-out form. This error further delays Plaintiff in her attempt to obtain and organize relevant information. When the Court originally granted Plaintiff's motion to compel, it did so because Plaintiff reasonably sought information to which she was entitled. This discovery is relevant to Plaintiff for purposes of pursuing her claims against Defendant, and for defending against a summary judgment motion.

Furthermore, because of Defendant's failure to comply with the Court's Order, the record in this case remains incomplete. Consequently, it would be impossible to determine whether there are genuine issues of material fact, and thus, impossible to make any ruling regarding summary judgment.[1] See Fed. R. Civ. P. 56. Nevertheless, Defendant has refused to withdraw its motion. As a result, the only reasonable option for the Court, at this point, is to strike Defendant's summary judgment motion.

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiff's Motion for Enforcement of Order and Sanctions (Doc. No. 25) is

(1) **GRANTED** with respect to striking Defendant's summary judgment motion.

Dated: January 15, 2002

---

[1]This ruling of course does not preclude Defendant from bringing a motion for judgment as a matter of law (f/k/a directed verdict) at trial, once all of the facts are before the Court.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge