**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civ. No. 00-2282 RHK/SRN

Ismelda Hahn,

Plaintiff,

vs.

**Stipulation and Protective Order**

Minnesota Beef Industries, Inc.,

Defendant

WHEREAS, defendant Minnesota Beef Industries, Inc. ("Minnesota Beef') considers personnel files to be private and confidential to Minnesota Beef and its employees and possibly confidential under pertinent state and federal laws;

IT IS HEREBY ORDERED, UPON CONSENT OF THE PARTIES, AS FOLLOWS:

1. That any and all documents contained in personnel files produced by the Defendant in February 2002, in the above-captioned case be designated as confidential and subject as such to the following restrictions:

   a. They shall be used only for the purposes of this litigation including depositions, preparation for trial and appeal.

   b. Unless otherwise ordered by the Court, such documents and information, including any copies made thereof, shall be treated as confidential and shall not be disclosed by the attorneys or any of their employees or partners to any person, governmental agency or entity except to persons assisting the attorneys in connection with this action, including the parties herein, paralegals, secretaries and witnesses. Persons other than contract attorneys, experts, contract support staff or employees of William J. Egan,

MAY 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

PLC, or Celeste Culberth or Leslie Lienemann to whom information contained in confidential documents is given or shown, made available or communicated shall agree in writing to be bound by the terms of this Order. The attorneys for the respective parties shall maintain a file of such written agreements. As to the persons over whom counsel for the party in question cannot obtain agreement to the terms of this Order, such counsel shall make no disclosure.

c. In the event that the above-described documents are used in any Court proceeding herein, the parties may request the Court to take steps to ensure the materials will not lose their confidential status.

2. That this Order shall not limit the use of information gained by either party apart from and independent of discovery, nor shall it limit the use of matters of public record.

3. Within forty-five (45) days after the termination of this litigation, all originals and reproductions of documents subject to this Order, with the exception of documents containing writings or markings constituting attorney-client privileged communications or attorney work product, shall be returned to the party producing them or the party to whom they belong. Those documents containing writings or other markings constituting attorney-client privileged communications or attorney work product shall be destroyed within forty-five (45) days after the termination of this litigation.

4. That this Order is without prejudice to the right of any party to seek from the Court modification of this Order.

5. That this Order shall not prevent in any further proceeding herein the offering or receiving into evidence of any deposition testimony, interrogatory and admission answers, or documents produced in the discovery proceedings herein.

Dated: 5/8/02

Celeste Culberth (#228187)
210 North River Ridge Circle
Burnsville, Minnesota 55337
(952/346-0619)

Leslie L. Lienemann (#230194)
210 North River Ridge Circle
Burnsville, Minnesota 55337
(952/346-0619)

ATTORNEYS FOR PLAINTIFF

Dated: May 20, 2002

By:

William J. Egan (No. 166029)
William J. Egan, PLC
Edina Executive Plaza
5200 Willson Road
Edina, MN 55424
952/836-2770

**ATTORNEY FOR DEFENDANT**

IT IS SO ORDERED.

Dated: May 22, 2002

Honorable Susan Richard Nelson
Magistrate Judge of District Court

MAY 2 2 2002

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.