**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Ismelda Hahn,** **Civil No. 00-2282 (RHK/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Minnesota Beef Industries, Inc.,**

**Defendant.**

---

Celeste E. Culberth, Esq. and Leslie L. Lienemann, Esq., on behalf of Plaintiff.

William J. Egan, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Motion for attorneys' fees awarded by court pursuant to 3/8/02 order (Doc. No. 59).

## I PLAINTIFF'S MOTION TO COMPEL.

### A. Factual Background.

In its March 8, 2002 Order, the Court granted, in part, Plaintiff's motion for sanctions resulting from Defendant's repeated failure to provide reliable payroll information. At that time, the Court instructed Plaintiff's counsel to submit "an affidavit to the Court detailing the time and expenses it incurred in seeking the production of payroll discovery in this case, and the time and expenses incurred by its contract counsel and/or experts in preparing the pay disparity case based on this discovery."

The Court has reviewed Plaintiff's fee petition and accompanying affidavits and

MAY 29 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

declaration, along with Defendant's response memorandum and accompanying affidavit.

Plaintiff requests $24,898.05, based on: (1) 35 attorney hours at $200.00 per hour, expended by Plaintiff's counsel, Leslie Lienemann, totaling $7,000.00; (2) 66 attorney hours at $200.00 per hour, expended by Plaintiff's counsel, Celeste Culberth, totaling $13,200.00; (3) 3.9 attorney hours at $350.00 per hour, expended by Plaintiff's counsel, Kent Spriggs, totaling $1,365.00; (4) 31.5 attorney hours at $60.00 per hour, expended by Plaintiff's counsel, Keith Hanratty, totaling $1,890.00; (5) 6 hours at $125.00 per hour, expended by expert John Richard Van Wingen, totaling $750.00; (6) 17.75 secretarial and paralegal hours at $21.00 per hour, expended by Arlene Balto, totaling $372.75; and (7) $320.30 expended for messenger and copying services.

Defendant responds that this figure is exaggerated, and the Court should limit sanctions to $2,000.00. Defendant argues that Plaintiff's request includes costs incurred in seeking discovery beyond that which was covered by the March 8, 2002 Order. In addition, Defendant argues that "the submission provides inadequate detail for the Court to discern what fees and expenses were incurred in seeking the production of the disputed payroll discovery." Defendant argues that it should not have to reimburse Plaintiff for Lienemann's time spent: (1) prior to the issuance of the Court's January 16, 2002 Order, during which time there were several discovery disputes at issue, most of which were resolved by the January 16, 2002 Order; (2) reviewing 13 boxes of documents that were produced by Defendant and unchallenged; (3) producing employee files and calculating pay loss separate from the inaccurate payroll data from 1997 and 1998; (4) clarifying the Court's Order regarding large amounts of data, most of which was accurate and will be used by plaintiff at trial; (5) preparing the motion for sanctions; (6) unsuccessfully

opposing Defendant's motion in limine; and (7) opposing Defendant's appeal of the March 8, 2000 Order.

With respect to Culberth's expenses, Defendant argues generally that the $13,2000.00 total is excessive. It also states, concerning January, February, and March 2002, that "Ms. Culberth has not provided this Court with sufficient detail to prove what amount of time and expense she incurred in seeking the production of payroll discovery and in preparing the pay disparity case based on this discovery." In addition, Defendant argues that Culberth's submission includes time incurred after it was disclosed that the 1997 and 1998 reports contained inaccurate pay. Defendant summarizes that "a vast majority of time requested by both Culberth and Lienemann in connection with this discovery dispute fall outside the parameters of the October 8, Order."

Defendant also states that Spriggs' billing rate of $350.00 per hour is unreasonable in this jurisdiction and his rate should be reduced to the $200.00 per hour figure that Culberth and Lienemann charge. Further, Defendant argues that much of Spriggs' time listed in Plaintiff's submission, "is work that he would have done and which would have proven to be of value to Plaintiff, regardless of the inaccurate information."

The Court grants Plaintiff $14,798.00 in sanctions. The discovery in this case encompassed much more than the payroll information, and Defendant complied with many of those discovery requests. Consequently, the March 8 Order focused on time and expenses devoted to the inaccurate payroll submissions. The Court recognizes that Lienemann and Culberth were forced to expend a large amount of time dealing with this inaccurate information. Nevertheless, their fee petitions include time spent on other issues as well.

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiff's Motion for attorneys' fees awarded by court pursuant to 3/8/02 order (Doc. No. 59) is **GRANTED** consistent with this Order. Defendant is ordered to pay to Plaintiff and her counsel $14,798.00 within three working days of this Order.

Dated: May 29, 2002

SUSAN RICHARD NELSON
United States Magistrate Judge