**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ismelda Hahn,

Plaintiff,

Civil No. 00-2282 (RHK/SRN)

v.

**ORDER**

Minnesota Beef Industries, Inc.

Defendant.

---

Before the Court are the parties' Objections to Exhibits. Through their submissions to the Court, the parties have represented that Defendant's Exhibits 200 through 202 do not relate to the Plaintiff but rather to her mother, who is neither a party to nor a witness in this lawsuit. The Defendant has accordingly indicated that it will withdraw those exhibits, thus mooting the Plaintiff's objections.

With respect to the remaining exhibits, several objections relate to a corresponding motion in limine filed by the objecting party. The Court has ruled on the motions in limine by an Order dated May 24, 2002. As a result of that Order, the Court will overrule the Plaintiff's objections to Defendant's Exhibits 203-208, sustain the Defendant's objection to Plaintiff's Exhibit 8, and sustain the Defendant's objection to Plaintiff's Exhibit 31. The Court addresses the remaining objections in turn.



MAY 29 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. Plaintiff's Objections to Defendant's Exhibits

### A. Exhibit 221

Defendant seeks to introduce Exhibit 221, the notice of taking Plaintiff's deposition, to establish that the Plaintiff did not seek psychological assistance for her alleged emotional distress until shortly before her deposition was to take place. The Court has previously determined that Hahn (a) cannot establish the causation of her alleged emotional distress through her own lay opinion and (b) has not come forward with competent expert opinion (through the proposed testimony of her treating psychologist) regarding the causation of her emotional problems. Accordingly, Hahn is precluded from presenting evidence of emotional distress to the jury. The issue of the Notice of Taking Deposition is therefore irrelevant, and the objection will be sustained.

### B. Exhibit 224

Exhibit 224 are notes taken in May 2000 by an EEOC investigator of an interview with Hahn regarding the charge of discrimination she filed against the Defendant. Hahn has objected to the document as hearsay. The Defendant seeks to use the notes to impeach Hahn's claim that Charles McCarthy offensively touched her. The notes reference Hahn's concern that it was risky for her to work as a skinner in June of 1998 "with her supervisor Chuck who worked close to her in a reduced space where she was rushing, pushing her clothes and stomach with the machine." (Def.'s Ex. 224.)

Reviewing the notes at issue, the Court concludes that it is far from clear whether

they in fact reference the offensive touching incident. Furthermore, as the instance of offensive touching Hahn alleges here is not so severe and pervasive as to rise to the level of sexual harassment under Title VII or the MHRA, there was no cause for the EEOC investigator to have investigated it. The EEOC is not charged with investigating state law tort claims such as battery. The absence of a reference to offensive touching in the EEOC investigator's notes does not make the occurrence of the battery more or less likely. Accordingly, the Court will sustain the objection on the grounds of relevance under Rules 401 and 402 of the Federal Rules of Evidence.[1]

**C. Exhibits 251 and 252.**

Exhibits 251 and 252 are Excel spreadsheets that purportedly give accurate weekly pay rate information for employees working in the Boning Department and Quality Assurance Department. Given the record to date in this case relating to the Defendant's production of pay data and job codes in discovery, the Court reserves ruling on this objection pending the final pre-trial conference.

**II. Defendant's Objections to Plaintiff's Exhibits**

**A. Exhibit 17**

Defendant seeks to exclude Plaintiff's Exhibit 17 on the grounds that it is

---

[1] The EEOC investigator's notes are not hearsay. While the exhibit contains two levels of out-of-court statements (the document says Hahn said . . .), the first level falls within a hearsay exception, the second level is an admission of a party opponent. See Fed. R. Evid. 803(8)(A) (records setting forth the activities of an agency); 801(d)(2)(A) (admission of a party-opponent).

irrelevant or, if it has probative value, presents a risk of confusing the issues, misleading the jury, and causing unfair prejudice to the Defendant. The exhibit in question is the Notice of Findings of Fact and Decision issued by the Minnesota Department of Economic Security in connection with a claim by another employee of the Defendant, Maria Sanchez. Sanchez claimed, and the Minnesota Department of Economic Security found, that she quit because the minority owner of the Defendant, Charles McCarthy, touched her inappropriately on the buttocks on several occasions.

The Defendant has argued in this case that, if McCarthy did touch Plaintiff Hahn's buttocks, such touching was purely inadvertent and accidental. Evidence that McCarthy has inappropriately touched other female employees is plainly relevant to whether McCarthy's actions in this case were intentional. See Fed. R. Evid. 404(b). The probative value of the Department of Economic Security's findings is not substantially outweighed by a danger of unfair prejudice or jury confusion. The objection therefore will be overruled.

The copy of Exhibit 17 that Plaintiff provided the Court in response to the Defendant's objection is incomplete: page two of the Department's findings is missing. The Plaintiff is advised that she must present a **complete** copy of the document into evidence; otherwise, the document will not be received. Furthermore, nothing in this decision relieves the Plaintiff from the obligation of laying a foundation for the admission of the document.

**B. Exhibit 19**

Exhibit 19 is a list of workers who, during the period from 1996 through 2001, were injured on the job and upon whom restrictions were placed. The exhibit also indicates whether the work restrictions were met. Defendant objects to the admission of this exhibit as being irrelevant. Plaintiff responds that, where a claim of pregnancy discrimination is based on an employer's failure to comply with physical restrictions imposed as a result of the pregnancy, the relevant inquiry is whether the employer treated employees who required work restrictions and were **not pregnant** more favorably than the plaintiff. Based on Deneen v. Northwest Airlines, Inc., 132 F.3d 431, 437-38 (8th Cir. 1998), the Court agrees with the Plaintiff's assessment and concludes that the exhibit is relevant. The objection will be overruled.

**C. Exhibits 20 through 25**

Exhibits 20 through 25 cover two types of documents: EEOC Charges of Discrimination made by three other ex-employees of Minnesota Beef (Exs. 20, 22, and 24) and EEOC Determination Letters regarding those charges (Exs. 21, 23, and 25). Defendant objects to the admission of these documents under Rules 402 (relevancy), 802 (hearsay), and 403 (probative value substantially outweighed by unfair prejudice). The Charges of Discrimination were completed and signed by the complaining party -- here, Juan Olivarez, Sheila Guralski Kutz, and Laura Campos -- and presented to the EEOC. These out-of-court statements are being offered for the truth of the matters asserted

therein. The charges do not fall within the hearsay exception for public records, Fed. R. Evid. 803(8), because they do not set forth the activities of the pubic office or agency; rather, they set forth the (allegedly unlawful) activities of the Defendant. The Court will sustain the objection with respect to Exhibits 20, 22, and 24.

The other three exhibits in this category are the EEOC determination letters regarding the charges brought by Olivarez, Kutz, and Campos. It has long been the rule in the Eighth Circuit that administrative findings made regarding claims of employment discrimination, such as EEOC determination letters, fall within the hearsay exception set out in Federal Rule of Evidence 803(8)(C). See Johnson v. Yellow Freight Sys., 734 F.2d 1304, 1308-09 (8th Cir. 1984). The Eighth Circuit cautioned, however, that "[w]hile EEOC reports may contain information that would be useful to the jury, their probative value may be outweighed by problems that would result from their admission." Id. at 1309; see Fed. R. Evid. 403. Therefore, "the admission of administrative findings, such as an EEOC reasonable cause determination, is to be left to the sound discretion of the trial court," particularly where an employment discrimination claim is being tried to a jury. Id.

The Johnson court observed that EEOC determination letters "are not homogeneous products; they vary greatly in quality and factual detail." Id. Thus, a determination letter may be too conclusory and have little probative value when viewed in the context of the entire record. Furthermore, admission of the determination letter

might add unduly to the length of the trial because the defendant would be required to spend a considerable amount of time (a) challenging the nature and extent of the EEOC investigation and (b) rebutting the determination. Id.

This case is distinguishable from Johnson in an important respect. Johnson sought to introduce the EEOC determination letter relating to **his own charge** of racial discrimination. Id. at 1308. Hahn seeks to introduce EEOC determination letters relating to **three other former employees** of the Defendant. With respect to one former employee, a manager named Olivarez, the EEOC made a specific finding that he "and other Hispanic supervisors were paid less than White supervisors." (Ex. 21.) Hahn was never, during her employment at the Defendant, a supervisor. With respect to the second employee, a manager named Kutz, the EEOC made a specific finding that Defendant paid her and other female supervisors less than it paid male supervisors. (Ex. 23.) Again, Hahn was not a manager, nor has she asserted a claim of disparate pay treatment based on gender. The EEOC also concluded that Kutz was subjected to a sexually intimidating, hostile, and offensive working environment and was constructively discharged as the result of conduct by her supervisors and co-workers. Nothing in the EEOC determination letter indicates that Charles McCarthy, the person who allegedly perpetrated the battery against Hahn, was involved in harassing Kutz. With respect to the third former employee, an hourly worker named Campos, the EEOC made a finding that Campos was retaliated against for refusing to help the Defendant find Olivarez after he testified to

Kutz's sexual harassment and brought his own discrimination claim. (Ex. 25.) Hahn has not alleged a claim of retaliation. Furthermore, the EEOC made a specific finding that the Defendant treated Mexican **supervisors** differently, paid them less, and subjected them to negative racial comments and slurs. (Id.) The EEOC expressly did not make a comparable finding with respect to hourly employees. (Id.)

None of the three other ex-employees is similarly situated to Hahn, thus minimizing the probative value of the EEOC determination letters regarding their claims of discrimination. To admit the EEOC determination letters, even if they have some minimal tendency to make Hahn's claims of pregnancy and disparate treatment discrimination more likely, entails a significant risk that the trial in this case will become sidetracked into mini-trials surrounding the EEOC's investigation of the charges brought by Olivarez, Kutz, and Campos.[2] Accordingly, the Court will exclude the EEOC determination letters under Rule 403.

**D. Exhibit 26**

Exhibit 26 is described as "documents relating to the recruitment of Mexican workers" from the state of Texas.[3] The Defendant objects to the exhibit as irrelevant on

---

[2] The Court is awaiting the submission of an offer of proof from Plaintiff regarding the testimony of acts occurring more than 300 days before Hahn filed her charge of discrimination. The Court anticipates that, after receiving that offer of proof, it will evaluate whether and to what extent Olivarez, Kutz, and/or Campos will be permitted to testify.

[3] Neither party has provided the Court with a copy of the exhibit.

the grounds that Hahn was not recruited from Texas. The Defendant also contends that the probative value of the evidence is outweighed by the danger of unfair prejudice. The Court concludes that the Plaintiff is to be allowed some leeway in providing the jury some background information concerning the workforce found at the Defendant's operations, including the recruitment of Mexican workers from Texas.

**E. Exhibits 27-30**

These exhibits are the affidavits of Paul Gaines, Juan Olivarez, Minerva Peralta, and Patricio Lopez. The Defendant objects to the admission of the affidavits as hearsay. Plaintiff argues that these affidavits fall within a hearsay exception because the declarants are "unavailable" in that they live more than 100 miles from the courthouse. All of the declarants live in Minnesota, however, and are within the Court's subpoena power.[4] Furthermore, the affidavits do not fall within the "former testimony" exception of the "declarant unavailable" exceptions to the hearsay rule because they do not provide the Defendant -- the party against whom the statements are being offered -- an opportunity to cross-examine the declarants. <u>See</u> Fed. R. Evid. 804(b)(1).

Plaintiff also argues that the affidavits are "not hearsay" because they fall within

---

[4] Simply because the declarant lives more than 100 miles from the courthouse does not mean that a subpoena ad testificandum will automatically be quashed. Rule 45(c)(3)(B)(iii) balances the inconvenience to a witness of traveling great distances within the judicial district against the hardship to the subpoenaing party if that witness does not testify at trial, authorizing the trial court to place certain conditions upon a witness's appearance that assure that the witness will be reasonably compensated for appearing at trial.

the category of statements described in 801(d)(1)(B) – prior statements of a witness that are consistent with the declarant's testimony and offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. See Fed. R. Evid. 801(d)(1)(B). Plaintiff cannot seek to admit the affidavits under 801(d)(1)(B) because she lacks the predicate for admission -- the declarant's testimony. **If** Gaines, Olivarez, Peralta, and Lopez testify at trial and **if** the Defendant expressly or impliedly charges them with a **recent** fabrication or improper influence or motive, only then can Plaintiff seek to introduce the affidavits into evidence. Based on the record presently before the Court, the objection to exhibits 27-30 will be sustained.

**F. Exhibit 32**

Exhibit 32 is described as the re-employment insurance hearing transcript for Sheila Guralski Kutz. The Defendant objects to the admission of the transcript on three grounds. First, Defendant contends that the transcript is hearsay. Second, Defendant contends that the transcript is irrelevant because Kutz worked at Minnesota Beef in 1997 -- more than 300 days before the charge was filed in this case -- is not Hispanic and was not pregnant. Finally, Defendant argues that Plaintiff only seeks to present the jury with Kutz's allegations of sexual harassment in order to inflame the jury.

Clearly, the sworn testimony of Defendant's representatives, testifying on behalf of the company, are not hearsay under 801(d)(2). Hahn contends that she intends to use the testimony of certain of Defendant's representatives for impeachment purposes. Used

for that end, the testimony is not irrelevant. To the extent Hahn contends that she plans to use the transcript under 801(d)(1)(B), she has not yet established that she is entitled to do so. As noted above, before prior consistent statements of a witness may be admitted, the witness must first testify and the opposing party must then charge (either expressly or impliedly) that the witness is engaging in a **recent** fabrication or testifying under an improper influence or motive. Based on the foregoing, the objection will be overruled to the extent Hahn proposes to use the prior sworn testimony from the hearing transcript for impeachment purposes.

**G. Exhibit 38**

The exhibit is a September 1, 1999 letter from Plaintiff's counsel to William Gilger, CEO of Minnesota Beef. The Defendant has objected to admission of the letter on several grounds, including relevance, hearsay, and Rule 403. Hahn argues that she wishes to admit the letter as evidence of notice of her claim, not for the truth of the matter asserted. The Court concludes that the letter is not relevant; furthermore, even if it were, any probative value regarding the notice of Plaintiff's claim is clearly outweighed by the prejudice to the Defendant. The objection to Exhibit 38 will be sustained.

**H. Exhibit 39**

Defendant reserves the right to object to any electronic pay data and discreet reports generated by Plaintiff from that data. Given the record to date in this case concerning the pay data and job codes produced by the Defendant in discovery, the Court

reserves ruling on this objection pending the final pre-trial conference.

**I. Exhibit 44**

Exhibit 44 is described as the personnel files of Minnesota Beef Inc. employees. The Defendant asks to reserve its right to object to the personnel files if and when they are offered on the grounds that Hahn has not identified which personnel files she intends to offer. The Defendant produced its personnel records to Plaintiff and has represented to the Plaintiff and to the Court that those documents are complete and accurate. The Defendant having raised no potential basis for challenging the admission of the documents, the Court can conceive of none. The objection will be overruled.

**Conclusion**

Based on submissions of the parties, and all of the files, records, and proceedings herein, **IT IS ORDERED** that

1. Plaintiff's Objections to Defendant's Exhibits are **SUSTAINED IN PART AND OVERRULED IN PART** as follows:

   a. Overruled with respect to Defendant's Exhibits 203 through 208;

   b. Sustained with respect to Defendant's Exhibit 221; and

   c. Sustained with respect to Defendant's Exhibit 224.

The Court reserves ruling on the Plaintiff's Objections to Defendant's Exhibits 251 and 252, the corrected Employee Pay History Reports for 1997 and 1998.

2. Defendant's Objections to Plaintiff's Exhibits are **SUSTAINED IN PART**

**AND OVERRULED IN PART** as follows:

a. Sustained with respect to Plaintiff's Exhibit 8;

b. Overruled with respect to Plaintiff's Exhibit 17, although Plaintiff is cautioned that the document must be complete before it will be admitted into evidence;

c. Overruled with respect to Plaintiff's Exhibit 19;

d. Sustained with respect to Plaintiff's Exhibits 20 through 25;

e. Overruled with respect to Plaintiff's Exhibit 26;

f. Sustained with respect to Plaintiff's Exhibits 27-30;

g. Sustained with respect to Plaintiff's Exhibit 31;

h. Overruled with respect to Plaintiff's Exhibit 32 to the extent that the Plaintiff proposes to use testimony from the hearing transcript for impeachment purposes;

i. Sustained with respect to Plaintiff's Exhibit 38; and

j. Overruled with respect to Plaintiff's Exhibit 44, although Plaintiff is directed to disclose to Defendant the files she intends to use prior to the first day of trial.

The Court reserves ruling on the Defendant's Objections to Plaintiff's Exhibit 39.

Dated: May 29 2002

RICHARD H. KYLE
United States District Judge

## *Featured Speakers Include:*

**District of Minnesota**

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

**United States Bankruptcy Court**
**District of Minnesota**

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

The Minnesota Chapter of the Federal Bar Association
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF
THE FEDERAL BAR
ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

**June 19, 2002**
**8:00 am—5:15 pm**

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000

## Morning Session:

| | |
|---|---|
| **7:30-8:00** | **Registration** |
| **8:00-8:15** | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| **8:15-9:00** | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| **9:00-9:45** | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| **9:45-10:00** | **Morning Break** |
| **10:00-10:45** | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| **10:45-11:45** | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| **11:45-12:45** | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| **12:45-1:30** | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| **1:30-2:15** | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| **2:15-3:15** | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office)*;** **Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| **3:15:3:30** | **Afternoon Break** |
| **3:30-4:15** | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| **4:15-5:15** | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## *Seminar Registration*

| | |
|---|---|
| ☐ Member | $195.00 |
| ☐ Non-Member | $225.00 |

Name ______________________

Firm/Employer ______________________

Address ______________________

______________________

Phone ______________________

E-Mail ______________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA
(612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building